### C. A. Skirlock v. The State.

No. 9942.  Delivered March 10, 1926.

Rehearing denied April 21, 1926.

1.—Burglary—Evidence—Of Tracks—Corroboration of Accomplice—Properly Admitted.

Where, on a trial for burglary, an accomplice having testified that she and appellant and one Williams had gone to the house of Pritchett, which was burglarized, there was no error in admitting proof by Prichett that

upon his return home he found tracks of two men and a woman about the premises. The objection to this testimony goes to its weight, but not to its admissibility. See Underhill on Crim. Ev. 3d Ed. Sec. 566.

### 2.—Same—Evidence—Properly Admitted.

Where the accomplice on her direct testimony testified that she knew where Prichett, whose premises were burglarized, lived, and on cross-examination admitted that she did not know Prichett's house, but it was only from facts which she learned later, that he was the owner of the place at which she and her two companions had stopped, there was no error in refusing to withdraw her testimony from the jury, in the light of other evidence in the case.

### 3.—Same—Evidence—Harmless, if Error.

Where the owner of the property taken from the burglarized premises had testified that he found his property in the possession of the sheriff, who had previously recovered it, the error, if error, in permitting the sheriff to testify that the articles which he found in the possession of appellant and his companions, were identified by Pritchett, was harmless.

ON REHEARING.

### 4.—Same—Companion Case.

The same reasons given for overruling the motion for rehearing on the companion case of Williams v. State, No. 9943, control in the instant case, and this motion for rehearing is overruled.

Appeal from the District Court of Jones County. Tried below before the Hon. Bruce W. Bryant, Judge.

Appeal from a conviction for burglary, penalty two years in the penitentiary.

The opinion states the case.

*Lon A. Brooks* of Anson, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—The offense is burglary, punishment fixed at confinement in the penitentiary for a period of two years.

This is a companion case to Williams v. State, No. 9943, this day decided.

The evidence is in substance the same as that to which reference has been made in the Williams case.

The objection to the testimony of Prichett to the effect that upon his return to his home he found tracks of two men and

a woman about the premises is not tenable. The accomplice testified that she and her two male companions were at the house; at least, that they stopped there. The evidence giving a general description of the tracks found at the premises is relevant. The conviction does not rest upon the tracks. The objection that the particulars were not revealed, showing that the footprints found had peculiarities connecting them with the accused and the parties who were with him, goes to the weight but not to the admissibility of the testimony. No opinion of the witness touching the similarity of the tracks was given. See Underhill's Crim. Ev., 3rd Ed., Sec. 566.

The witness Viola May King testified upon direct examination that she knew where Prichett lived. On cross-examination it was made to appear that she did not know Prichett's house, but it was only from facts that she had learned later that he was the owner of the place at which she and her two companions had stopped.

In overruling the motion to exclude her testimony to the effect that she, Skirlock and Williams went to the Prichett place, we think the court committed no error. The witness described the place at which they stopped. We understand from the evidence that the description and locality coincided with that of the Prichett place. The articles stolen from the Prichett place were identified by him and were found in possession of the accomplice and her companions.

In permitting the sheriff to testify that the articles found in possession of the appellant and his companions were identified by Prichett was, in our judgment, not harmful eror. Prichett testified that he found his property in possession of the sheriff, who had previously recovered it from the premises occupied by the appellant and his companions.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The same reasons given for overruling the motion for rehearing in the companion case of Williams v. State (No. 9943), control in the present case.

The motion for rehearing is overruled.

*Overruled.*